UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN W. MUNDO,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>KIM HOLLAND,<br><br>　　　　Respondent. | Case No.: 1:16-cv-00569-JLT<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS FOR LACK OF HABEAS JURISDICTION (Doc. 9)<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>ORDER DENYING AS MOOT PETITIONER'S MOTION FOR EMERGENCY STAY (Doc. 14)<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |

　　　　In 2012, Jonathan Mundo was convicted of two counts of robbery and one count of escape and sentenced to four years and eight months. While in custody in California, he was transferred to Nevada on charges pending there. When he arrived in Nevada, he learned he was being charged with crimes not originally alleged. However, he pleaded guilty to several counts of robbery, including counts based on the new charges and was sentenced in July 2013. Petitioner contends that the additional charges violated the Interstate Agreement on Detainers Act because they were not contained in the detainer. Thus, in this action, he seeks to have his Nevada convictions set aside and the charges dismissed.

　　　　For the reasons set forth below, the Court **GRANTS** the respondent's motion to dismiss.

///

///

# I. DISCUSSION

## A. Procedural Grounds for Motion to Dismiss

Respondent has filed a Motion to Dismiss the petition for lack of habeas jurisdiction. Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's Motion to Dismiss is based on a lack of habeas corpus jurisdiction. Because Respondent's Motion to Dismiss is similar in procedural standing to a Motion to Dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal Answer, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

## B. Allegations In The Petition.

Respondent currently has custody of Petitioner pursuant to a 2012 judgment of the San Bernardino County Superior Court, which imposed a term of four years and eight months for convictions on two counts of robbery and one count of escape.

The petition alleges that the State of Nevada, while Petitioner was incarcerated in California, filed detainers against him in December 2012 and that, pursuant to those detainers, Petitioner was transferred to the custody of Nevada officials on January 16, 2013. (Doc. 1, p. 16). Once Petitioner was in Nevada custody, Petitioner alleges that state officials there filed additional charges against him based on facts not alleged in the original detainers. (Id., pp. 16-17). Petitioner alleges he pleaded

guilty to several counts of robbery on May 3, 2013, including counts based on the new charges. (Id., p. 17). Petitioner was sentenced in the Nevada case on July 5, 2013. (Id.).

Petitioner contends that the additional charges were included in the Nevada proceedings by way of indictment, in violation of the Interstate Agreement on Detainers Act ("IADA"). Petitioner argues that, pursuant to the IADA, he agreed to be brought to trial on the facts and charges contained in the detainer; however, he never agreed to be brought to trial on the added facts and charges contained in the indictment, i.e., the robbery of a jewelry store. (Id., p. 19). Petitioner reads the language of the statute to require dismissal of the charges if the requesting defendant is not tried on those charges within a specified period of time. (Id., p. 20). Petitioner reasons that, since he was convicted of additional charges not in the original detainer, the express terms of the IADA were violated. (Id.). As relief, Petitioner requests that his conviction be set aside and the charges dismissed.

In response to the motion to dismiss, Petitioner has also filed an emergency motion asking the Court to prohibit the State of California from permitting Petitioner to be released to the custody of Nevada officials at the conclusion of his California prison term, which Petitioner contends will occur on September 3, 2016. (Doc. 14, pp. 1-2). Petitioner reasons that, because Nevada violated the IADA, California should not be permitted to "honor" Nevada's detainer request. (Id.).

C. General Habeas Principles

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States. See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The U.S. Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a

decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

### D. IADA

The IADA is an interstate compact entered into by 48 States, the United States, and the District of Columbia. United States v. Lualemaga, 280 F.3d 1260, 1263 (9th Cir.2002). It creates uniform procedures for lodging and executing a detainer by one state against a prisoner held in another. Id. (citing Alabama v. Bozeman, 533 U.S. 146, 148 (2001)). It was enacted to prevent the problems associated with the use of detainers, including the fact that detainers "produce uncertainties which obstruct programs of prisoner treatment and rehabilitation." 18 U.S.C. app. 2 § 2 art. I. The IADA is treated as federal law subject to federal construction. Lualemaga, 280 F.3d at 1263; see also New York v. Hill, 528 U.S. 110, 111 (2000).

As described by the Bozeman Court:

> The Agreement provides for expeditious delivery of the prisoner to the receiving State for trial prior to the termination of his sentence in the sending State. And it seeks to minimize the consequent interruption of the prisoner's ongoing prison term. In particular, Article IV(c) specifies that the receiving State shall begin the prisoner's "trial ... within one hundred and twenty days of the arrival of the prisoner in the receiving State." At the same time, Article IV(e) prohibits return of the individual to the sending State before that trial is complete.

Id. Article IV(e) states:

> If trial is not had on any indictment, information, or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to article V(e) hereof, such indictment, information, or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice."

Id. at 149.

The IADA: (1) gives a prisoner the right to demand a trial within 180 days and (2) gives a state the right to obtain a prisoner for purposes of trial, in which case the state (a) must try the prisoner within 120 days of his arrival, and (b) must not return the prisoner to his original place of imprisonment prior to that trial. Id. at 151. The IADA sets forth a procedure for a prisoner to demand a speedy disposition of charges giving rise to a detainer. The warden or other official having custody must promptly inform the prisoner of the source and contents of any detainer lodged against him and of his right to request final disposition. See 18 U.S.C. app. 2 art. III(d). The prisoner is then responsible for

making a request in writing to "the warden, ... or other official having custody of him." Id. at art. III(b). The prison official must then forward that request, together with a certificate of commitment, id. art. III(a), to "the appropriate prosecuting official and court by registered or certified mail, return receipt requested." Id. art. III(b).  Failure to bring the prisoner to trial within 180 days after a proper request for trial is made requires that the charges against the prisoner be dismissed.  See id. art. V(e).

However, as the Supreme Court recognized, not all violations of the laws of the United States are cognizable on federal habeas review. Davis v. United States, 417 U.S. 333, 346, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974); see also Brown v. Wolff, 706 F.2d 902, 905 (9th Cir.1983) (citing Cuyler v. Adams, 449 U.S. 433, 438 (1981)); United States v. Black, 609 F.2d 1330, 1334 (9th Cir.1979) ("[t]he protections of the IAD are not founded on constitutional rights, or the preservation of a fair trial, but are designed to facilitate a defendant's rehabilitation in prison and to avoid disruptions caused when charges are outstanding against the prisoner in another jurisdiction."). The Supreme Court has held that habeas review under Article IV(c) of the IADA is not available unless the error qualifies as a "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." Reed v. Farley, 512 U.S. 339, 348 (1994) (citing Hill v. United States, 368 U.S. 424, 428 (1962).

E.   Analysis

Preliminarily, the Court notes that Petitioner waived his claim of a violation of the IADA by entering his guilty plea to the Nevada charges.  By entering the guilty plea, Petitioner waived the right to a jury trial, the ability to confront his accusers, the power to compel the attendance of witnesses, and generally to challenge the evidence that Petitioner committed the offense.  See Boykin v. Alabama, 395 U.S. 238, 242-43 (1969). Typically, one who enters a valid guilty plea cannot challenge a pre-plea constitutional violation; thus, a valid guilty plea bars the federal court from reviewing claims that relate to other constitutional rights. Tollett v. Henderson, 411 U.S. 258, 266-267 (1973); Hudson v. Moran, 760 F.2d 1027, 1029-1030 (9th Cir.1985).

A petitioner who has pleaded guilty may only contend that his guilty plea was not voluntary and intelligent, see e.g., Hill v. Lockhart, 474 U.S. 52, 56 (1985); Boykin, 395 U.S. at 242-243, or contend that the advice he received from his counsel was ineffective in violation of the Sixth

Amendment. See, e.g., McMann v. Richardson, 397 U.S. 759, 771 (1970); Tollett, 411 U.S. at 267; Hudson, 760 F.2d at 1030. As the Supreme Court has recognized,

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann.

Tollett v. Henderson, 411 U.S. at 267; McMann v. Richardson, 397 U.S. at 771 (holding a defendant who pleads guilty on the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases); see also Moran v. Godinez, 57 F.3d 690, 700 (9th Cir.1994), overruled on other grounds in Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003) ("As a general rule, one who voluntarily pleads guilty to a criminal charge may not subsequently seek federal habeas relief on the basis of pre-plea constitutional violations.").  Thus, only a petitioner's pre-plea claims that attack the voluntary and intelligent character of his plea are cognizable. And to the extent that a petitioner challenges his counsel's advice, he may only present claims relating to the plea advice; claims relating to pre-plea advice are barred by Tollett. See Moran v. Godinez, 57 F.3d at 700.  While Petitioner's claims regarding the addition of charges to the detainer violating the IADA are pre-plea issues, they do not implicate the voluntariness of Petitioner's guilty plea. Id.[1]  Thus, the claim was waived by his guilty plea.

Even still, the claim would fail on its merits.  Petitioner argues that Nevada violated Article V(d) of the IADA when it included in the indictment evidence and charges related to a robbery that was not in the original IADA detainer.  Petitioner is mistaken.

In Dicus v. Del Papa, 188 Fed.Appx. 642 (9th Cir. 2006), the petitioner, a Nevada inmate, appealed the district court's denial of his federal habeas petition on the grounds that his constitutional rights were violated when he was subjected to additional charges after he was transferred back from Texas to Nevada pursuant to a detainer under the IADA. Dicus, 188 Fed.Appx. at 643.  The Ninth Circuit rejected Dicus's claim as procedurally defaulted because Nevada had rejected the habeas claim when the petitioner "failed to cite to any legal authority in support of his argument for a violation of the

---

[1] Petitioner does not challenge the effectiveness of his trial counsel's advice.

IADA." Id. However, the Ninth Circuit went on to hold that even if the claim were not procedurally defaulted, "the violation was at most a technical one, and not a 'fundamental defect.'" Id., at 644.

To be actionable, the violation of the IADA must be a "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." Reed v. Farley, 512 U.S. at 348. The Ninth Circuit, in Dicus, held that such a "technical defect" did not rise to the level requiring habeas relief. Dicus, 188 Fed. Appx. at 644. Petitioner does not cite, and the Court is unaware of, any authority in this Circuit holding that the inclusion of additional charges in the criminal proceedings of the receiving state constitutes a "fundamental defect" resulting in a "complete miscarriage of justice," especially in the context where the defendant then waives his rights and pleads guilty to those very additional charges about which he later complains.

In addition, for purposes of § 2254 cases, there is no "clearly established" federal law, as determined by the United States Supreme Court, that a violation of the IADA is so substantial that habeas jurisdiction and relief is justified occurs merely because the receiving state includes additional facts and charges not in the original detainer. Absent such clearly established law, it necessarily follows that the state court adjudication was not unreasonable, and, hence, no habeas relief is possible. See, e.g., Lopez v. Smith, __U.S.__, 135 S.Ct. 1, 4 (2014)("Because our case law does not clearly establish the legal proposition needed to grant respondent habeas relief…"); Nevada v. Jackson, __U.S.__, 133 S.Ct. 1990, 1993-1994 (2013)("No decision of this Court clearly establishes that the exclusion of such evidence for such reasons in a particular case violates the Constitution"); Wright v. Van Patten, 552 U.S. 120, 126 (2008) ("Because our cases give no clear answer to the question presented,…it cannot be said that the state court unreasonabl[y] appli[ed] clearly established Federal law"); Carey v. Musladin, 549 U.S. 70, 77 (2006)("Given the lack of holdings from this Court…, it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.").

Likewise, because Petitioner has waived the claim and, even still, it lacks merit, there is no basis on which the Court may issue an "emergency stay" to prevent California from handing Petitioner over to Nevada officials at the conclusion of his California prison term.

Moreover, the Court declines to issue a certificate of appealability. A state prisoner seeking a

writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003).   The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.  Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Thus, the Court DECLINES to issue a certificate of appealability.

///

# ORDER

For the foregoing reasons, the Court **ORDERS**:

1. Respondent's motion to dismiss (Doc. 9), is **GRANTED**;
2. The petition for writ of habeas corpus (Doc. 1), is **DISMISSED** for lack of habeas jurisdiction;
3. The Clerk of the Court is **DIRECTED** to enter judgment and close the file;
4. The Court **DECLINES** to issue a certificate of appealability; and,
5. Petitioner's motion for an emergency stay of his proposed transfer from California to Nevada is **DENIED** as **MOOT**.

IT IS SO ORDERED.

Dated: **August 8, 2016**              **/s/ Jennifer L. Thurston**
                                       UNITED STATES MAGISTRATE JUDGE